JORGE PAGÁN RIVERA, Petitioner and Appellant, *v.* DISTRICT COURT, SAN JUAN SECTION, V. M. FERNÁNDEZ, JUDGE, Respondent and Appellee.

No. 10976. Argued July 9, 1953.—Decided August 10, 1953.

*E. Martínez Avilés* for appellant. *Miranda Esteve & Martínez Alvarez, Jr.,* for defendant in the main action.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

This is a suit for a claim for wages under the provisions of Act No. 10 of November 14, 1917 (Spec. Sess. Laws, p. 216) as amended by Act No. 182 of May 12, 1948 (Sess. Laws, p. 470). The complaint was filed in the District Court of Puerto Rico, San Juan Section (formerly the Municipal Court). On February 17, 1953 the court set the trial for March 4 at 2:00 p.m. On that date both parties appeared and the defendant raised a question of law as to the alleged lack of jurisdiction and the insufficiency of facts to constitute a valid claim. The court asked both parties to introduce their evidence and plaintiff's attorney stated that he was not ready for the trial because he was under the impression that at the hearing only questions of law would be argued without the parties being required to introduce their evidence. At the request of the defendant the court dismissed the complaint on the ground that plaintiff had not complied with his duty of presenting his evidence at the time previously set forth for the trial. The judgment rendered by the court reads as follows:

"On this day March 4, 1953 and at 2:12 p.m. the above-entitled case was called for hearing. Plaintiff Jorge Pagán Rivera appeared represented by his attorney Mr. E. Martínez Avilés and defendant Antonio Martínez by his attorney Mr. A. Miranda Esteve.

"Plaintiff's attorney states that he is not ready for the trial of the case because he was led into error by the defendant's special defenses pleading insufficiency of a cause of action and lack of jurisdiction which were not interposed prior to the issue in controversy and which should be considered prior to the trial.

"The defendant on the other hand moves that the plaintiff be regarded as having abandoned the litigation of this claim and the court believes that the plaintiff was obliged to introduce his evidence today for the purpose of substantiating his case and in default thereof the courts grants defendant's motion that plaintiff be regarded as having desisted from the suit without special imposition of costs in the absence of a statutory provision to that effect."

On the day after judgment was rendered, that is, on March 5, 1953 plaintiff filed a new complaint or claim in which he alleged exactly the same facts as in his first complaint which was previously dismissed. The defendant alleged that the second complaint should be dismissed because the judgment rendered on March 4 was res judicata and barred the filing of a new complaint. On March 25, 1953 the District Court, San Juan Section, rendered judgment dismissing the second complaint on the ground that the case had been finally adjudicated in the former suit between the same parties, indicating that the former judgment was res judicata and barred a new complaint.

On March 30, 1953 the plaintiff filed an appeal from the judgment rendered on March 25 of which he had been notified on the 27th of the same month. On March 31 the plaintiff filed a petition for certiorari in the Superior Court, San Juan Part, requesting the annulment of the two judgments rendered by the District Court. On April 23, 1953 the Superior Court, San Juan Part, rendered an opinion and judgment denying the petition for certiorari and quashing the writ of certiorari already issued and deciding that both judgments were valid under Rule 41 (b) of the Rules of Civil Procedure. From this judgment plaintiff has taken the present appeal.

 Section 5 of Act No. 10 of November 14, 1917 (claim for wages), as amended, provides as follows:

"Where the parties shall fail to appear at the act of the hearing or where the defendant only shall appear, the court shall dismiss the claim; but where the complainant only appears, the court shall, at the instance of the complainant, render judgment against the defendant, granting the remedy sought. In either case the judgment shall be final and no appeal may be taken therefrom; *Provided, however,* That the aggrieved party may, within five days following the service of notice of the judgment, appeal from the municipal court to the proper district court, or from the district court where the claim originated to the Supreme Court, for a review of the proceedings."

Section 6 of the same Act, as amended by Act No. 17 of April 11, 1945 (Sess. Laws, p. 44), provides as follows:

"Section 6.—Before beginning the introduction of evidence the court shall pass upon all such questions of law as may be submitted to it; *Provided,* that if the matters set forth may require study due to their importance, the court shall, at the request of the complainant, grant a term to the parties for the study thereof.

"No complaint shall be dismissed for defects in form only.

"In the introduction of evidence the widest possible latitude shall be allowed to the parties."

According to § 6 above the District Court of Puerto Rico, San Juan Section, shall pass upon such questions of law as may be submitted to it before beginning the introduction of the evidence. The aforesaid court did not comply in this case with its duty and did not pass upon the questions of law submitted to it but insisted that complainant should introduce his evidence before disposing of such questions. Complainant was not bound to introduce his evidence until after the court decided the questions of law which had been raised. Section 6 provides that the complainant may request the court to grant a term to the parties for the study of those questions, if they are sufficiently important. Under those circumstances the failure of the complainant to have his evidence ready on the day set for trial was not equivalent to an abandonment of the suit warranting a judgment of dismissal. The complainant was under no obligation to begin the introduction of his evidence since the court did not pass upon the questions of law which had been raised. For this reason the judgment of dismissal entered on March 4, 1953 is erroneous and hence so is the judgment of March 25, 1953.

Naturally, this decision merely contemplates the specific circumstances of this case pursuant to § 6 already discussed. We. are not advancing any judgment as to other situations which might arise in cases not covered by the Act on claim for wages nor is this ruling applicable to those cases, even in

claim for wages, where the court has previously passed upon the questions of law submitted to it.

For the reasons stated the Superior Court, San Juan Part, acted incorrectly in rendering the judgment of April 23, 1953 discharging the writ of certiorari issued and in declaring valid the two judgments rendered by the District Court, San Juan Section.

The judgment appealed from will be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

Mr. Justice Belaval concurs in the result.